James P. and Lillian V. Barnett v. Commissioner.
Barnett v. Commissioner
Docket No. 3898-70SC.
United States Tax Court
T.C. Memo 1971-93; 1971 Tax Ct. Memo LEXIS 240; 30 T.C.M. (CCH) 375; T.C.M. (RIA) 71093; April 29, 1971, Filed James P. Barnett, pro se, R.F.D. #1, Box 157, Waterville, Me. Allen Weinberg, for the respondent. GUSSIS
Memorandum Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioners' income tax for the year 1966 in the amount of $1,066.53. James P. and Lillian V. Barnett, husband and wife, were residents of Waterville, Maine at the time the petition herein was filed. They filed their joint Federal income tax return for the year 1966 with the district director of internal revenue at Augusta, Maine. In his statutory notice of deficiency dated March 26, 1970, the respondent (1) increased the petitioners' net profit from their motel business by the amount of $5,038, (2) determined that petitioners realized longterm capital gains of $3,907 from the sale of four apartment houses, *241 (3) allowed petitioners a loss of $199 incurred by them in connection with certain rental property and (4) made several other adjustments. Respondent subsequently conceded that petitioners were entitled to additional first year depreciation in the amount of $1,949 under section 179 of the Internal Revenue Code of 1954. As a result of this concession by the respondent, the original deficiency for the year 1966 was reduced to $637.76. Respondent filed an amended answer to reflect his concession and the claim for a reduced deficiency. On November 16, 1970, petitioners filed a motion to dismiss under Rule 31(g) of the Tax Court Rules. We have considered the arguments presented by petitioners in 376 support of their motion and we believe they are without merit. Rule 31(g) provides in part that "Failure to adduce evidence in support of the material facts alleged by the party having the burden of proof and denied by his adversary, may be ground for dismissal." Petitioners apparently feel that respondent's partial concession which resulted in a reduced deficiency somehow had the effect of shifting the burden of proof to the respondent. We do not agree. Rule *242 32 of the Tax Court Rules provides that "[the] burden of proof shall be upon the petitioner, except as otherwise provided by statute, and except that in respect of any new matter pleaded in his answer, it shall be upon the respondent." Respondent has not pleaded any new matter in his answer or in his amended answer. Certainly the concession made by respondent cannot be construed as new matter which would require a shift in the burden of proof. Consequently, petitioners' motion to dismiss is hereby denied. Petitioners presented no evidence whatever bearing upon the issues involved and made no effort whatever to present arguments dealing with the actual merits of the issues. In fact, petitioner James P. Barnett informed the Court at the trial that "basically, I'm basing this on 31(g), as my defense." He also stated that "we feel, although it's a little bit ambiguous to me, that under this rule, we have won our case, because they have failed to produce any evidence." Petitioner was advised by the Court that in the event petitioners' motion under Rule 31(g) was denied, it would be necessary for him to offer evidence to meet his burden of proof as to the issues before the Court. He *243 declined to do so. Respondent's determinations are presumptively correct, Welch v. Helvering, 290 U.S. 111 (1933) and the burden of proof is upon the petitioners. Rule 32 of the Tax Court Rules. Petitioners have not met their burden and, accordingly, the respondent must prevail. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.